Good morning. Good morning, Your Honors. You were fast. It was like a baton passing there. Yes, Your Honor. I'm eager. May it please the Court, Devin Burstein, on behalf of Mr. Quintero. Your Honors, if I could focus my argument on the manner in which the minor role consideration is given to two particular themes that have come up repeatedly, beginning first with the impact of the amendments on this Court's case law. To be clear, the amendment does impact this Court's case law. It does change this Court's case law. This is not a matter of a three-judge panel overruling another three-judge panel. This is a matter of superseding or alternative authority. And if I could point the Court to directly – This is not the Supreme Court. No, Your Honor. And last I checked, we're three Article III judges, and I'm not going to give that to the Sentencing Commission. Yes, and that's the perfect segue for me, Your Honor. So thank you for the Webster case, which is a case that's all been cited. And I'll quote, In other words, this Court's prior case law had said you can't consider uncharged conduct. The Sentencing Commission then changed it, and so that was no longer the law. And the three-judge panel in Webster said that. It would be, Your Honor, as if we had a statute that said the mandatory minimum was 10 years. Then – and this Court's case law had said under Statute 1, the mandatory minimum is 10 years. Congress comes in and says no more mandatory minimum. Okay. The next three-judge panel says, okay, well, I understand we have a series of – a body of case law that says under this statute it's 10 years, but Congress has changed that, so plainly that's no longer the law. And that's exactly what this Court said in Webster about the – on a very similar issue. And it's exactly what's happened here. There is a line of cases, including Rodriguez-Castro, as Your Honor has noted, including Hurtado, that says any one factor such as the amount of drugs is sufficient to deny minor role. That is plainly no longer good law following the amendment. The Sentencing Commission has done everything it can to say not only are we talking about the totality of the circumstances, but any one factor can't be enough. We've given you five. And if I could take us outside of minor role, I think an example is really helpful here. We have, for example, the idea of the – of what is custody in the Craig headline of cases. Somebody's in their home. They're interrogated. Are they in custody? This Court has laid forth a multi-factor test. How many agents? How many agencies? Was the person handcuffed? What language was used? So if the district court were to just look at one of those factors and say, well, he was told he was free to leave, this court would say, I'm sorry, district court, that's not a clearly erroneous finding, but that's the wrong legal standard. You have to look at all of the factors. That is what happened – that's what's happened with the Sentencing Commission now. One of those factors is no longer sufficient. It just cannot be. It is absolutely in conflict with what the Commission has said. And that brings us to the point about how it's reviewed. And I think Craighead provides the decent example, I hope, for what I just looked at. Your Honor would say, I hope, that's right. The person was told he was free to leave. That's not a clearly erroneous fact. But, district court, I'm not going right there because there's a first step – a first step that we have to take under Hinkson. And it's actually the first step in Rojas Milan, Your Honor. If you go back to that case, it says we reviewed de novo the interpretation of the guideline. There's the first step. The court would say, district court, you misapplied the Craighead test. You focused on just one factor and you shouldn't have. That's a legal error. You have to go back and do it right. You have to determine custody based on all of the factors. You can't cherry-pick. What's happened here, and I think in all three of the cases – You've got some troublesome facts. So, you just don't have one factor. You have – your client was stopped by the border patrol, had 13.26 kilograms of methamphetamine, which there was testimony it was worth $265,000, hidden in the gas tank. In your client's statement after his Miranda rights, he admitted he knew drugs were concealed in the car, but stated he thought it was marijuana. He said he expected to be paid $100,000. He said he was to receive instructions on where to go after he crossed the border. The car which was – the car he was in was not registered to him, was purchased the week before by someone other than your client, right? Yes, and all of those factors, we adopt them wholeheartedly because all of them, both before and especially after the amendment, cut in our favor. All of those – Let me just mention one fact that does not. Yes, Your Honor. And that is that he re-initiated contact. He tried to make a deal. They didn't contact him, but two days later, he contacts them and said, I'm ready to go. Yes, and that's what the district court keyed on, thank you, Your Honor. That's what the district court keyed on, willingness. But remember, minor role is not what any one person thinks it is. It's a term of art defined by the sentencing commission. And minor role means what is your role vis-à-vis other people. Now, whether you willingly do something or not, that makes you guilty, but it doesn't make you more important to the organization. It doesn't make you more trusted. In fact, here we are. Well, but it can't – if you're getting paid $100,000, you have a large amount of dope, you have numbers of people to call, say, I'm ready to go. It's – if you're driving, you know, it's – that person's just a lot different than someone that walks over the border with a little teeny bit. The amount – for example, take payment. We know that is not a – now we know that is not a proper basis to deny minor role. Payment is not a sufficient basis because the sentencing commission has specifically said, somebody without a pecuniary interest who's just getting paid to cross drugs is not – it should be considered for minor role. That's not a proper basis. Okay, it doesn't disallow, but you can't just cherry-pick everything. You've got to take your client with everything there. And we do. So there's a series of undisputed facts of the PSR on page 4 of the PSR. And they show that my client didn't load the drugs. That means somebody else had to load the drugs. It's methamphetamine. It doesn't grow on a tree. Somebody had to manufacture the drugs. He didn't know where he was going in the United States. Somebody had to be there to take the drugs out on the other side, right? He didn't own the drugs. He – somebody had to be the owner of the drugs. The district court calls him a neophyte because he believed he was getting $100,000 for one load of marijuana – this is a 19-year-old kid with no prior experience who was shaking like a leaf when he got up to primary. There was no way he was getting through unless the person had their eyes closed. This is not a trusted courier. This is a one-time person who was used by a drug smuggling organization for whatever reason, to get in another load. We don't know. He was an addict, too, right? Was he addicted? He wasn't, he? I believe he had a drug problem as well. Yeah, but, I mean, who gives an addict $265,000 worth of drugs? Well, if you want the next car to get through, Your Honor, with a lot more drugs, he's a perfect person to set up. But the question – and it gets back to the proper legal analysis. There are a series of factors. This court has it in a variety of contexts. It is wrong. It is no longer valid law to cherry-pick amount or getting paid. That was the basis here. That is not the right legal analysis. Your Honor asked earlier, if you send it back, does the district court have to grant minor role? No. Because what the fundamental flaw is, is that the court was looking at the wrong things. The amendment is retroactive. That has been conceded. And, therefore, if the district court didn't consider those factors, the proper, really the necessary result is to remand the case so that the district court, in the first instance, can take a shot at looking at those factors in light of the undisputed facts in the PSR that this was essentially a neophyte-first offender. What do I do in harmless error here? Have it carried. Because I think you need to – I mean, in this particular situation, the district court applied a downward variance of 36 months. Yes, Your Honor. I will give you the exact numbers. It's 72 months with minor role. It would have been 46 months. So there's no question, and I think Mr. Zipp, my friend, will agree, that in this case it certainly couldn't. I mean, it's a higher sentence than even in the first case. Seventy-two months, six years, 19-year-old kid with minor role, 46 months. I think that, in and of itself, answers the harmless error question. Well, it seems to me that the district judge in this particular matter, as you suggest, not only cherry-picked the factors, but then said, this is the sentence this kid needs. It's below what he would have got if he'd got the minor role reduction. No, it is multiple years above. Forty-six months would be the low end with minor role. But he got 36. Seventy-two. Yeah, 72. Yeah, years more from 19-year-old to 19-year-old. But I'm just trying to say, it seems to me in a minor role, I have to look at what did the district court do in order to get there. And the district court was trying to put all the factors out there, give him every reduction he could possibly give, give him everything that he could do. He downward varied 36 months and set an amount. Now, I'm suggesting it is more than what they would do, but nonetheless, he suggested it. So why do I then say this is not harmless error? This court's case law on this point, including the Supreme Court case law from Gall and Kimbrough, is very clear. I know. So the district court has to begin with correctly calculating the guidelines. If Your Honor agrees with me that the district court cherry-picked certain factors and didn't properly apply them. I'm only suggesting that's your argument. I'm just if. That's a big if. If the court were to agree, if the court were to agree, then we would be left with a district court who has failed to properly apply the minor role analysis. In that context, when we look at the sentence, 72 months, and we look at what he would have been on the guidelines, would have been 46 months at the low end. That's a huge what he got and then what it could be. So we trust the district court that if he comes back, if the district court has the benefit of the retroactive amendments, if the district court properly applies those amendments and then decides, you know what, after further review, he does qualify for minor role. His guideline range starts at 46 months. I trust that this district court would reevaluate the factors and would perhaps give a lower sentence. This court's case law in cases such as Munoz-Camarena, Gunning, says if the district court could lower the sentence, we will presume prejudice. This is almost a direct quote from Gunning. We will presume prejudice and remand. I don't think the government will disagree with me here. Well, let's find out. Thank you, Your Honor. We've taken you over, but I'll put one minute on the clock after. Okay? Thank you. Thank you, Your Honor. As we stated before, if this court does find that the district court here clearly erred in weighing these factual findings and determining that this defendant was not entitled to minor role, then I don't think that there's a harmlessness way to save it because the calculations are correct. There's a massive swing, particularly in meth cases. But your argument is just contradictory to what the defendant is really arguing. The defendant is not arguing that it's clear error. The defendant is instead arguing that it is, in fact, in an abuse of discretion situation, it's the wrong application of the law. In other words, that's the part in abuse of discretion where if the law is wrongly or it's the wrong law applied, then it's absolutely an abuse of discretion and it goes back. That's his argument. He's not arguing that it's a clear error review. And that's the problem that, I mean, I saw this in the briefs. It seems to me you two are passing in the night. What we need to determine is what standard of review we're really going on here. Well, Your Honor, I think on the legal question of did the court, first of all, the court announced the correct rule. There's no dispute of that. It said the test is, is this defendant substantially less culpable than the average participant? That's the legal standard. It applied the correct legal standard. Is that the legal standard? That's what defendant is arguing that is not the legal standard, that now that is the legal standard but it is subsumed in five factors that need to be applied. That's what he's arguing, that it is not enough to say minor role, this is the law, and then apply. It's minor role, this is to be applied, and here are the five factors I have to apply in assessing the minor role. That's what he's suggesting. And the failure to make the five factors means it was an abuse of discretion. We would disagree with that, Your Honor. I understand. Fundamentally, the test in the guidelines is whether a defendant is substantially less culpable than the average participant. The fact that the court in the fraud context listed five non-exhaustive factors in no way goes back and changes that. It makes it legal error for the court to apply the law of this circuit when analyzing minor role. Okay. Respond to his first argument. I tried to get two counsel to talk to me about that. He finally did. Respond to his first argument that the guidelines are appropriate, that we cannot get out from under the guidelines simply because our case law prior to this was different. We could cherry pick, in his words, not mine, because I've got comrades who have done that, I guess, and get around the guidelines. What do you say? What do you say to the case? I forget the case right now. It was on the tip of my tongue, but now I haven't got it. What do you say to that case? Your Honor, there are situations if the guidelines were changed. I think the example defendant used, if there were a mandatory minimum in place one day, Congress changed it and removed that mandatory minimum, this court would not be bound by the earlier case law. I could say the standard is whether the change in intervening authority is clearly irreconcilable with the past court's case law. So if there were a situation where the guidelines were fundamentally changed in such a way that the case law was clearly irreconcilable with those changes, then a three-judge panel of this court could consider the You're saying we could. If it's clearly irreconcilable. But in this case, what we're talking about is five non-exhaustive factors in a fraud context. They simply don't fundamentally alter the 25 years of case law in this circuit. In fact, a lot of the factors that this court has considered in this specific context, this drug courier at the border context, are coextensive and line up with the five factors that the commission adopted, including the amount of drugs involved, which in the unique fact pattern of these cases necessarily translates into a certain amount of trust and a certain amount of responsibility. When you have a case like this one with 13 kilos of meth worth hundreds of thousands of dollars, that trust and responsibility lines up with one of the factors. You also have, as I mentioned before, numerous other factors, including the amount of preparation, dry runs, previous crossings, the amount that a defendant has been paid. All of these line up with the five factors. Maybe not exactly, but certainly not in a way that we could say that those five non-exhaustive fraud factors are so clearly irreconcilable with this body of case law that this court, as a three-judge panel, can simply overturn existing precedent. It's just the changes were not that level that this court should be able to do that. But the government agrees that Amendment 794 applies retroactively. And my question to you is then what does that mean, that we keep following our case law and ignore the five factors and find amount can do it, et cetera, et cetera? I don't know what retroactivity means then. Your Honor, what retroactivity means in this case is that this court should consider the factual determination made by this district court in light of these new amendments. And it's still under a clear error standard. This court should consider whether, in light of these five factors, it was still plausible for the district court in this case to determine that this specific defendant was not entitled to a minor role adjustment. Suppose the district court said, in light of the retroactivity, I cannot consider just the amount. Would that be appropriate? I want to follow our case law. And since there are five factors here, one of them is the amount. If I find one factor, that's enough because our case law has said so in the past. Well, Your Honor, I'm not – first of all, the district court in this case did not say that. No, I'm giving you a hypothetical. You're saying it is retroactive, but we shouldn't ignore our prior law. If our prior law has said the amount alone can determine whether there's a minor role reduction, would that be correct? Well, Your Honor, I think – I don't think that the five non-exhaustive fraud factors in this case necessarily are irreconcilable with a case law that says in this specific context at the border that a large amount of drugs can alone be sufficient to deny minor role. Okay, you've answered my question then. Okay. I still don't understand how that makes the amendments retroactive. In this case, I think if the court looks at the guidelines as they stand now, with these five factors included, it was still not clear error for this district court to deny minor role in this case. Given the 13 kilograms of meth, given the payment, and given the fact that this defendant reinitiated contact with his recruiters and was in contact with them for three days, based on those facts, even retroactively applying the new guidelines, the district court's factual determination was plausible in this case, and therefore this court should affirm under a clear error standard. All right, thank you. Thank you. Thank you. Okay. We have one minute. I'll go as quickly as possible. Judge Nelson, just so I can give you a direct quote and directly answer your question. From Sanders, the Ninth Circuit has consistently stated that when an amendment is a clarification rather than an alteration of existing law, it should be used in interpreting the provision in question retroactively. That is the answer. The answer under this court's well-established law is it should be used by this court right now in interpreting minor role. Your Honor, the fact that the government keeps touting clear error, clear error, clear error is telling. It's because they want the court to skip the step. Announcing the correct rule, saying that the correct rule is whether the person is in custody, that doesn't answer the question. That's just the very first part of the onion. It needs to be peeled. The next part is did the court apply the correct legal framework for analyzing the legal question. There is no way, Your Honors, that five factors is not clearly irreconcilable with one factor. It's just not possible. It's not mathematically possible. The guidelines now say you have to look at the totality of the circumstances in this particular framework. Looking at just amount, looking at just payment, which this court has suggested in Hurtado, in previous cases you could do, that is no longer a valid legal analysis. That's why the government can only yell about clear error. All right. Thank you for your argument. Thank you, Your Honor. This matter will stand submitted.
judges: D.W. Nelson, Callahan, N.R. Smith